**Dale BECKETT, Petitioner–Appellee,**

v.

**James HAVILAND, Warden,
Respondent–Appellant.**

**No. 02–3858.**

United States Court of Appeals,
Sixth Circuit.

Sept. 26, 2003.

Alison M. Clark, Public Defender's Office, Ohio Public Defender Commission, Columbus, OH, for Petitioner–Appellee.

Mark Joseph Zemba, Office of the Attorney General of Ohio, Cleveland, OH, for Respondent–Appellant.

Before BATCHELDER and ROGERS, Circuit Judges; and RUSSELL, District Judge.*

PER CURIAM.

Dale Beckett was convicted by an Ohio jury of murder. During Beckett's trial, a witness who provided key evidence for the prosecution testified that he had not been "promised anything" and that he was not "being given any special treatment for rendering [his] testimony," even though the prosecutor and a police officer had agreed to write a letter to the parole board on the witness's behalf. After exhausting his direct appeal, Beckett filed a petition for habeas corpus relief with the United States District Court for the Norther District of Ohio. On June 26, 2002, the district court granted Beckett's petition for a writ of habeas corpus. The district court concluded that Beckett's rights under the Due Process Clause of the Fourteenth Amendment were violated because the prosecutor failed to correct testimony elicited from a witness that the prosecutor knew was false, and there was a reasonable likelihood that the false testimony could have

---

* The Honorable Thomas B. Russell, United States District Judge for the Western District of Kentucky, sitting by designation.

affected the judgment of the jury. In reaching this decision, the district court found that the state court's decision (1) was based on an unreasonable determination of the facts, and (2) was contrary to clearly established law, as determined by the United States Supreme Court. The Attorney General of Ohio appeals, asserting that in granting the writ the district court (1) improperly applied the standards of review under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and (2) improperly analyzed Beckett's false testimony claim. Having had the benefit of oral argument and having carefully considered the record on appeal, the briefs of the parties, and the applicable law, we conclude that the district court (1) properly applied the AEDPA standards and (2) properly analyzed Beckett's claim. We are not persuaded that the district court erred in granting a writ to the petitioner.

Because the reasoning which supports the grant of that writ of habeas corpus has been articulated by the district court, the issuance of a detailed written opinion by this court would be duplicative and serve no useful purpose. Accordingly, the judgment of the district court is affirmed upon the reasoning employed by the district court in finding that (1) the state court's decision that Williams's testimony was not false was based on an unreasonable determination of facts; (2) the state court's application of the materiality standard applicable to non-disclosures, rather than the materiality standard applicable to a prosecutor's knowing use of false testimony, was contrary to clearly established federal law; and (3) the state court's decision, to the extent that the state court decision could be read as finding no reversible error even under the stricter materiality standard applicable to the use of false testimony, was based on an unreasonable determination of the facts.